IN THE UNITED STATES DISTRICT COURT
                   FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| GENOVEVA PITTS,<br><br>              Plaintiff,<br><br>   v.<br><br>BAYVIEW LOAN SERVICING, LLC<br>and PHELAN HALLINAN DIAMOND &<br>JONES, LLP,<br><br>              Defendants. | HONORABLE JEROME B. SIMANDLE<br><br>Civil Action<br>No. 17-3990 (JBS/KMW)<br><br>**MEMORANDUM OPINION** |

**SIMANDLE, District Judge:**

    In this action, pro se Plaintiff Genoveva Pitts alleges that Defendants Bayview Loan Servicing, LLC ("Bayview") and Phelan Hallinan Diamond & Jones, LLP ("Phelan Hallinan") illegally communicated with her regarding an attempt to collect an alleged debt in violation of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 et seq. [Docket Item 1.] Pending before the Court are Defendants' motion to dismiss pursuant to Federal Rule of Procedure 12(b)(6) [Docket Item 10] and Plaintiff's amended motion to amend the Complaint. [Docket Item 14.] For the reasons discussed below, the Court will grant Defendants' motion to and deny Plaintiff's amended motion to amend. The Court finds as follows:

1. **Factual and Procedural Background.**[1] On January 8, 2014, Bayview filed a foreclosure action against Plaintiff in the Superior Court of New Jersey, Chancery Division, Salem County, under Docket No F-000581-14. [Ex. C to Docket Item 1.] Shortly thereafter, Plaintiff filed a voluntary petition for Chapter 7 bankruptcy with the U.S. Bankruptcy Court for the District of New Jersey, which automatically stayed the foreclosure proceedings. [Ex. B to Docket Item 10.] On October 1, 2014, the Bankruptcy Court issued a Discharge of Debtor Order, which discharged Plaintiff of her personal liability on the mortgage and note. [Ex. D to Docket Item 1.] The foreclosure action then resumed until, on November 10, 2016, the Chancery Court entered

---

[1] The facts alleged are drawn from the Complaint, from public court documents, and from undisputedly authentic documents upon which Plaintiff explicitly relies in her Complaint. See In re Rockefeller Ctr. Props., Inc., Sec. Litig., 184 F.3d 280, 287 (3d Cir. 1999). Because the Complaint is predicated upon the mortgage documents, correspondence between Defendant and Plaintiff regarding the mortgage, and the foreclosure actions in state court, documents related to these matters submitted by both Plaintiff and Defendant will be considered in connection with the pending motions to dismiss. Pension Ben. Guar. Corp. v. White Consol. Indus., Inc., 998 F.2d 1192, 1196 (3d Cir. 1993) ("[A] court may consider an undisputedly authentic document that a defendant attaches as an exhibit to a motion to dismiss if the plaintiff's claims are based on the document."); see also Farah v. Lasalle Bank Nat'l Ass'n, 2016 WL 1162644, at *5-6 (D.N.J. Mar. 23, 2016) (stating that "records of the foreclosure action that are intrinsic to the complaint may be considered without converting a facial Rule 12(b)(1) challenge into a factual one, or a Rule 12(b)(6) motion into one for summary judgment") (citing Schmidt v. Skolas, 770 F.3d 241, 249 (3d Cir. 2014)).

2

final judgment in favor of Bayview in the sum of $233,042.42. [Ex. E to Docket Item 1.]

2. On July 20, 2016, Plaintiff filed the first of two federal actions against Defendant Bayview (but not Defendant Phelan Hallinan), alleging that Bayview violated the FDCPA on five occasions between January 20, 2016 and May 20, 2016. See Pitts v. Bayview, Docket No. 1:16-4501-JBS-AMD (D.N.J. filed on July 20, 2016). Bayview filed a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), which Plaintiff did not oppose. The Court subsequently dismissed Plaintiff's claims after finding she "fail[ed] to allege adequately in what respect the communications at issue violated any specific provision of the FDCPA." Pitts v. Bayview Loan Servicing Loans, LLC, 2017 WL 2311664, at *2 (D.N.J. May 25, 2017).

3. Plaintiff filed this second federal action on June 5, 2017, eleven days after this Court dismissed the first case. [Docket Item 1.] This time, Plaintiff added Phelan Hallinan as a defendant and alleged that Defendants improperly communicated with her on five different occasions between October 16, 2016 and November 22, 2016. [Id. at ¶¶ 114-207.] Plaintiff seeks statutory damages in the amount of $22,000, actual damages in the amount of $223,042.42, and fees and costs. [Id. at 22.]

4. Defendants again moved to dismiss the Complaint for failure to state a claim pursuant to Federal Rule of Civil

Procedure 12(b)(6). [Docket Item 10.] Plaintiff untimely filed opposition to Defendants' motion [Docket Item 11], as well as a motion to amend the Complaint. [Docket Item 12.] Three weeks after Defendants filed papers in opposition to Plaintiff's motion to amend [Docket Item 13], Plaintiff filed an amended motion to amend. [Docket Item 14], which Defendants again opposed. [Docket Item 17.] In light of Plaintiff's amended motion to amend, the Honorable Karen M. Williams dismissed Plaintiff's first motion to amend as moot. [Docket Item 16.] Defendants' motion to dismiss and Plaintiff's amended motion to amend are now ripe for decision.

5. **Standard of Review**. Under Federal Rule of Civil Procedure 12(b)(6), the court must "accept all factual allegations as true, construe the Complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the Complaint, the plaintiff may be entitled to relief." Fleisher v. Standard Ins. Co., 679 F.3d 116, 120 (3d Cir. 2012) (internal citations omitted). In applying this standard to pro se pleadings and other submissions, as here, the Court must liberally construe the well-pleaded allegations, and draw all reasonable inferences in favor of the pro se litigant. Higgs v. Attorney Gen. of the U.S., 655 F.3d 333, 339 (3d Cir. 2011); Capogrosso v. Supreme Court of N.J., 588 F.3d 180, 184 (3d Cir. 2009). Despite this

liberality, however, a pro se complaint must still "contain sufficient factual matter, accepted as true," to "state a [plausible] claim to relief." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)); see also Marley v. Donahue, 133 F. Supp. 3d 706, 714 (D.N.J. 2015) (explaining the same concept).

6. Because Plaintiff asserts a claim under the FDCPA, a federal statute, the Court exercises jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1337(a), as well as 15 U.S.C. § 1692k(d).

7. **Discussion.** After reviewing Plaintiff's Complaint and the court documents in the state foreclosure action, and for the reasons next discussed, the Court finds that Plaintiff has failed to state a cognizable cause of action for violating the FDCPA. Accordingly, the Court will grant Defendants' motion to dismiss. Moreover, because amending the Complaint would be futile, the Court will deny Plaintiff's motion to amend and the dismissal will be with prejudice.

8. A plaintiff seeking to state a claim under the FDCPA "must establish that (1) he or she is a 'consumer' who is harmed by violations of the FDCPA; (2) the 'debt' arises out of a transaction entered into primarily for personal, family, or household purposes; (3) the defendant collecting the debt is a 'debt collector'; and (4) the defendant has violated, by act or

omission, a provision of the FDCPA." Grant v. JPMorgan Chase Bank, 2013 WL 1558773, *2 (D.N.J. Apr. 10, 2013) (internal citations omitted).

9. As in the last federal action filed by Plaintiff, Pitts, 2017 WL 2311664, the Court again finds that the Complaint, viewed in the light most favorable to Plaintiff, fails to allege adequately in what respect the communications at issue violated any specific provision of the FDCPA.

10. In the pending action, Plaintiff alleges that five communications from Defendants violated the FDCPA: (1) a copy of the writ of execution filed in the Superior Court foreclosure action, which Phelan Hallinan mailed to Plaintiff on November 10, 2016 [Docket Item 1 at ¶¶ 131-44; Ex. G to Docket Item 1]; (2) a "dunning letter" enclosing a copy of the final judgment in the Superior Court foreclosure action, which Phelan Hallinan mailed to Plaintiff on November 22, 2016 [Docket Item 1 at ¶¶ 114-30; Ex. F to Docket Item 1]; (3) a bankruptcy notice informing Plaintiff of the status of her mortgage account following the Discharge of Debtor Order, which Bayview mailed to Plaintiff on October 16, 2016 [Docket Item 1 at ¶¶ 145-64; Ex. H to Docket Item 1]; another bankruptcy notice informing Plaintiff of the status of her mortgage account following the Discharge of Debtor Order, which Bayview mailed to Plaintiff on November 16, 2016 [Docket Item 1 at ¶¶ 165-87; Ex. J to Docket Item 1]; and a

6

letter enclosing an approval "offer" for a HAMP trial period plan in conjunction with a potential loan modification, which Bayview mailed to Plaintiff on October 17, 2016. [Docket Item 1 at ¶¶ 188-207; Ex. I to Docket Item 1.]

11. For all five communications, Plaintiff claims that Defendants violated four sections of the FDCPA: (1) § 1692e(5), for allegedly threatening to take legal action that cannot be legally taken; (2) § 1692e(10), for allegedly using false or deceptive means to collect a debt; (3) § 1692e(11), for failing to disclose that the communication is an attempt to collect a debt; and (4) § 1692(j)(a), for unlawfully furnishing a form creating a false belief that a person other than the creditor is attempting to collect a debt. [Docket Item 1.]

12. The first two communications, which were mailed by Phelan Hallinan to Plaintiff, are copies of legal filings made in the Superior Court foreclosure action, one of which was attached to a single-sentence letter stating: "Enclosed please find a copy of the entered Final Judgment for Foreclosure, with regard to the above-referenced matter." [Exs. F & G.] Nowhere in Plaintiff's Complaint does she allege <u>how</u> either communication was false or misleading. Indeed, under New Jersey's Court Rules, Defendants were actually <u>required</u> to forward these legal filings to Plaintiff. N.J. Ct. R. 4:43-2(c) ("Within seven days after receipt of the executed judgment from the court, the proponent

of the judgment shall serve a copy thereof on the defaulting defendant as required by R. 1:5-2 except that service may be made by ordinary mail alone."). Absent an explicit demand for payment or suggestion that the underlying purpose of a procedural notice is "inducing payment," such notices fall outside the scope of "communication" under the FDCPA. See Vilinsky v. Phelan Hallinan & Diamond, PC., 2015 WL 3767494, at *3 (D.N.J. June 16, 2015). Thus, Plaintiff failed to allege that the mailings from Phelan Hallinan violate the FDCPA.

13. The third and fourth allegedly-false and/or misleading communications are "Bankruptcy Notices" that were mailed by Bayview to Plaintiff on October 16, 2016 and November 16, 2016. [Exs. H & J to Docket Item 1.] As this Court previously noted with respect to nearly identical Bankruptcy Notices relied upon by Plaintiff in the first federal action, these Bankruptcy Notices are clearly "informational only and did not represent attempts to collect any debt." Pitts, 2017 WL 2311664, at *3 (citing Gregory v. Nationstar Mortgage, LLC, 2014 WL 1875167, at *3-4 (D.N.J. May 9, 2014); Bailey v. Security Nat'l Sev. Corp., 154 F.3d 384 (7th Cir. 1998)). Plaintiff has not made any additional factual allegations that would support a claim that Defendants violated the FDCPA by mailing the Bankruptcy Notices.

14. The final communication that Plaintiff alleges was false and/or misleading is an October 17, 2016 letter sent by

Bayview to Plaintiff notifying her that she had been preliminarily approved to enter into a trial period plan under the Home Affordable Modification Program. [Ex. I to Docket Item 1.] The letter spelled out, in plain language, that Bayview was offering Plaintiff an opportunity to permanently modify her mortgage payments and walked through the steps Plaintiff would need to undertake if she accepted Bayview's offer. Plaintiff fails to allege how this letter was deceptive, an attempt to collect a debt, or threatened impermissible legal action. To the contrary, the HAMP letter was a unilateral offer from Bayview to Plaintiff to pursue a loan modification, which Plaintiff admitted she decided to decline. [Docket Item 1 at ¶ 175.] This type of one-sided offer letter is not actionable under the FDCPA because such "letters do not demand payment, but simply allow [a plaintiff] one last opportunity to modify her loan." Nash v. Green Tree Servicing, LLC, 943 F. Supp. 2d 640, 656 (E.D. Va. 2013); see also Glover v. Udren, 2014 WL 4348078, at *5 (W.D. Pa. Sept. 2, 2014). Accordingly, Plaintiff fails to allege that the HAMP letter violated the FDCPA.

15. More than two months after Defendants filed their motion to dismiss, Plaintiff filed an amended motion to amend. [Docket Item 14.] According to Plaintiff, the purpose of moving to amend was to "bring simplicity, further specificity and clarity Plaintiff's claims so that it conforms to the evidence

9

presented in this current action." [Id. at 1, ¶ 3.] Federal Rule of Civil Procedure 15(a)(2) provides that, if a party is no longer able to amend a pleading as a matter of course, as here, "a party may amend its pleadings only with the opposing party's written consent or the court's leave." Plaintiff's motion to amend is opposed. [Docket Item 17.] Thus, Plaintiff may only amend the Complaint with leave of the Court.

 16. Plaintiff did not attach an exhibit delineating the differences between the Complaint and proposed Amended Complaint, as required by Amend. L. Civ. R. 15.1 (May 10, 2017). Nevertheless, the Court has endeavored to discern the additions Plaintiff made to the Complaint in the proposed Amended Complaint and has identified very few substantive changes. In fact, the main difference between the Complaint and proposed Amended Complaint appears to be that the proposed Amended Complaint describes the October 16, 2016 and November 22, 2016 Bankruptcy Notices in more detail than the Complaint. [See Ex. A to Docket Item 14 at ¶¶ 58-61, 97-102, 167-70, 209-14.] But, as the Court explained above and in its earlier decision, the Bankruptcy Notices are "informational only and did not represent attempts to collect any debt" and, therefore, do not violate the FDCPA. For these reasons, it would be futile for Plaintiff to file the proposed Amended Complaint and the Court will, therefore, deny Plaintiff's amended motion to amend.

17. **Conclusion**. For the foregoing reasons, the Court will grant Defendants' motion to dismiss. Moreover, because amending the Complaint would be futile, the Court will deny Plaintiff's motion to amend and the dismissal will be with prejudice. The accompanying Order will be entered.

**March 5, 2018**                                     **s/ Jerome B. Simandle**
Date                                                         JEROME B. SIMANDLE
                                                              U.S. District Judge